**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GREAT WESTERN MINING & MINERAL COMPANY<br><br>Plaintiff,<br><br>v.<br><br>FOX ROTHSCHILD LLP, THOMAS D. PARADISE, ESQ., ROBERT S. TINTNER, ESQ., ADR OPTIONS INC. and THOMAS B. RUTTER, ESQ.<br><br>Defendants. | : | **OPINION**<br><br>Civil Action No. 08-1093 (WHW) |

**Walls, Senior District Judge**

Defendant moves pursuant to Rule 12(b)(6) to dismiss plaintiff's complaint. Defendant's motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

A Pennsylvania trial court was spot on when, at a much earlier stage of this protracted dispute, it observed that "[t]his case has a somewhat tortured procedural history." Great Western Mining & Mineral Company v. Fox Rothschild, LLP, 2006 Phila. Ct. Com. Pl. LEXIS 225, *1 (2006). The tale begins with a dispute involving a miniature golf course in the state of Pennsylvania. That dispute led to litigation, to which the original assignor of plaintiff Great Western's interest, Active Entertainment, Inc. was the losing party. Dissatisfied with the damages awarded in this miniature golf litigation, Active Entertainment brought a malpractice suit against its counsel, Brownstein & Vitale, P.C.. See id. All parties to the malpractice action agreed to binding arbitration before defendant Thomas J. Rutter and Mr. Rutter's arbitration

**NOT FOR PUBLICATION**

company, defendant in this matter ADR Options, Inc.. See id. This arbitration resulted in an award for Brownstein & Vitale. Plaintiff Great Western, then assignee of HRC/NJ Inc., an assignee of Active Entertainment, sought to vacate the arbitration award on the basis that Brownstein & Vitale, defendant Fox Rothschild LLP, Rutter and ADR Options had failed to disclose a relationship among Fox Rothschild, Rutter and ADR Options, Inc.. (Compl. ¶¶ 17-18.)

The Pennsylvania trial court denied Great Western's motion to vacate the arbitration award. The Superior Court of Pennsylvania affirmed and later denied a motion for rehearing. The Supreme Court of Pennsylvania then denied Great Western's petition for allowance of appeal. (Compl. ¶ 20-21.) Not to be dissuaded by this string of defeats, Great Western filed a complaint in the Court of Common Pleas, Philadelphia against Rutter and ADR Options as well as defendant Thomas D. Paradise, a partner at Fox Rothschild, alleging anew a failure to disclose the purportedly improper relationship among Rutter, ADR Options and Fox Rothschild, (Compl. ¶ 23.), and grounding its claims on, *inter alia*, breach of contract, fraud and misrepresentation. See Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, No. 536 EDA 2006, No. 619 EDA 2006 at 7 n.1 (Sup. Ct. of Pa. 2007).

After allowing two amendments to Great Western's complaint, the Court of Common Pleas dismissed the complaint with prejudice on collateral estoppel grounds. (Compl. ¶ 32.) On February 28, 2006, Great Western's counsel, James F. Wiley, Esq., filed an appeal in the Superior Court on behalf of Great Western. Shortly thereafter, and this is the crux of plaintiff's present persistence, Mr. Paradise's partner at Fox Rothschild, Robert S. Tinter, called Mr. Wiley

**NOT FOR PUBLICATION**

and informed him that "there [was] no way that a Philadelphia court [was] ever going to find against Thomas Rutter given his relationship with the Philadelphia court system." (Affidavit of James F. Wiley, Esq., dated Feb. 26, 2008.) The Superior Court later affirmed the Court of Common Pleas decision that Great Western was estopped from pursuing its second suit, See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, No. 536 EDA 2006, No. 619 EDA 2006 (Non-Precedential Decision) at 12-13 (Sup. Ct. of Pa. 2007), and the Supreme Court of Pennsylvania again denied Great Western's petition for allowance of appeal. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 2008 Pa. LEXIS 1595 (Pa. 2008).

Showing remarkable pluck, on February 28, 2008 Great Western filed the present complaint in the federal court against ADR Options, Rutter, Fox Rothschild, as well as Tinter and Paradise individually, claiming deprivations of procedural and substantive due process. (See Compl. ¶¶ 41-49.) Specifically, Great Western alleges the Pennsylvania court decisions were corrupted by the improper influence of defendants, arising from both the Philadelphia court's dependence on Mr. Rutter's services as well as the enticement to Philadelphia judges of prospects for future employment in Mr. Rutter's firm. (See Compl. ¶¶ 43-36.)

Defendants now move pursuant to Rule 12(b)(6) to dismiss plaintiffs complaints for failure to state a claim. See Fed. R. Civ. Proc 12(b)(6). The motion is granted.

**LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6), a court is required to accept as true all allegations in the complaint and draw all reasonable inferences in the light most favorable to the

**NOT FOR PUBLICATION**

non-moving party. See Umland v. Planco Fin. Servs., 542 F.3d 59, 64 (3d Cir. 2008); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) which held that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (emphasis added). This "entitlement to relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. 550 U.S. at 555. In other words, it must contain sufficient factual allegations "to raise a right to relief above the speculative level." Id. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n. 2 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. See Fed. R. Civ. P. 8(a)(2); See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**NOT FOR PUBLICATION**

The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003); see also 5A Wright & Miller, Federal Practice & Procedure § 1357 at 299 (2d ed. 1990). "A 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Mele v. Federal Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

**DISCUSSION**

Defendants argue that Great Western's claim must be dismissed because plaintiffs have failed to allege that defendants acted under color of state law. (Def.'s Supp. 4-9.) Plaintiffs respond that because defendants were willful participants in joint action with the State they acted under color of law for purposes of § 1983. (Pl.'s Opp. 8.) Defendants labor to fortify their position by asserting that Great Western's claim must be dismissed as a collateral attack, (Def.'s Supp. 9-10.), but the Court need not consider this argument because the Court concludes that plaintiff has not sufficiently alleged that defendants acted under color of state law.

To state a claim under § 1983 plaintiff (1) must allege the violation of a right secured by the Constitution and laws of the United States; and (2) must show that the alleged deprivation was committed by a person acting under color of state law." Barna v. City of Perth Amboy, 42

**NOT FOR PUBLICATION**

F.3d 809, 815 (3d Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 48, 101 L. Ed. 2d 40, 108 S.Ct. 2250 (1988). A private defendant acts under the color of state law if the party "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 815-16 (citing West at 49). This requirement not only protects individual freedom by limiting the reach of federal judicial power but also avoids imposing on the State responsibility for conduct that cannot be fairly attributed to the State. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982). It is the former policy goal that is implicated here and reminds the Court that it must respect the limits of its power with regard to private interests by applying governmental limits to private actors only when their acts can be fairly attributed to the State. See id.

The Lugar court described a two-part approach[1] to determining when attribution to the state is fair. First, the "deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible..." Lugar at 937. Second, the private party must be a "person who may fairly be said to be a state actor." Id. Of particular relevance to the present case, the Lugar court observed that "[w]ithout a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Id.

---

[1]Although plaintiff asserts, without citation, that the Lugar court "expressly limited its holding to prejudgment attachment", the Court reads the principles represented in Lugar as applicable outside the area of prejudgment seizure.

**NOT FOR PUBLICATION**

Defendant argues that these actions can be fairly attributed on several grounds: (i) conspiracy, see, e.g. Dennis v. Sparks, 449 U.S. 24, 28, 101 S. Ct. 183 (1980); (ii) symbiotic relationship, see,e.g. Brown v. Phillip Morris, Inc., 250 F.3d 789, 803 (3d Cir. 2001); (iii) significant state encouragement, see, e.g. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982); and (iv) exclusive prerogative. See, e.g. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353, 95 S.Ct. 449 (1974).

The central issue, however, is whether plaintiff's complaint sufficiently alleges conspiracy. This is not simply because "[p]rivate parties who corruptly conspire with a judge in connection with such conduct are ... acting under color of state law within the meaning of § 1983," Sparks at 29, but because focus is properly on the particular action that led to the purported deprivation, rather than simply the identity of the party who commits such act. To resay, simply because a private citizen is a state actor for purposes of one action does not mean he or she is a state actor for purposes of all actions. "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged *action* of the [private entity] so that the action of the latter may be fairly treated as that of the State itself."[2] Jackson, 419 U.S. at 351

---

[2]Jackson involved the question of whether a regulated private entity should be treated as a state actor for purposes of due process, exposing the state to liability. Plaintiffs conflate this inquiry with whether liability should be imposed on a private party for actions performed by the State. To avoid making a similar analytical mistake to those made by plaintiffs in their briefing, it is important to clarify that the question in the present case is whether plaintiff has alleged a conspiracy between a private entity and a court sufficient to expose the private entity to liability under § 1983. The Jackson holding is cited merely to show that the proper inquiry is whether the *actions* of the private entity can be attributed to the government. In the case of conspiracy, they obviously can be so attributed. So if plaintiff has sufficiently alleged a conspiracy, the question of whether ADR Options or Rutter are state actors because of the allegedly close relationship with the state court system is irrelevant.

(citing Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 171-179 (1972)) (emphasis added). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the *specific conduct* of which the plaintiff complains." Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S.Ct. 2777 (1982) (emphasis added); see also Brown v. Philip Morris, Inc., 250 F.3d 789 (3d Cir. 2001) (holding that the marketing activities of private tobacco manufacturer were not rendered state action solely based on federal regulation of its marketing).

The purported constitutional deprivation here is a deprivation of due process due to corruption of the Philadelphia court system. In analysis, this corruption exists only to the extent that defendants conspired with the courts to ensure the outcome of the underlying case. It is irrelevant to the present case that Rutter and/or ADR Options may operate an arbitration business that exists in a symbiotic relationship with the state, receives significant state encouragement or operates in an area that is an exclusive prerogative of the state because plaintiffs do not allege that the deprivation occurred during the arbitration activities of Rutter and ADR Options. Rather, they claim that improper influence wielded by defendants in their underlying litigation caused the deprivation. This improper influence only exists to the extent there was a conspiracy. But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28, 101 S.Ct. 183 (1980).

The Third Circuit applied Lugar in a matter with particular relevance here, Jordan v. Fox, Rothschild, O'Brien and Frankel, 20 F.3d 1250 (1994). The Jordan plaintiff, Jordan Mitchell, had entered into a lease with his landlord, defendant Berman. See Jordan at 1253. After a

**NOT FOR PUBLICATION**

payment dispute, Berman exercised a confession of judgment clause in the lease and, with the aid of the Sheriff of Philadelphia, garnished Jordan's bank account pursuant to a Pennsylvania law allowing execution on judgments by confession without prior notice or hearing. See Jordan at 1253-54. Jordan brought suit against Berman's attorneys, among others, alleging a deprivation of due process. The district court dismissed the suit against the attorneys on qualified immunity grounds. See Jordan at 1254. The Third Circuit disagreed with the district court as to qualified immunity but, applying Lugar, drew a distinction based on the extent of the cooperation between State and private actor. According to the Jordan court, Mitchell's attorneys had not acted under color of law simply by entering the confession of judgment. At the point of entry they did not "officially invoke the force of law to collect or secure" the disputed funds. Jordan at 1266. On its own, the confession of judgment itself was not unconstitutional. See id.. However, once Jordan's lawyers directly requested that the sheriff garnish the accounts, the action could be fairly attributed to the state and the attorneys consequently acted under color of law for purposes of §1983. See id. at 1267. It was on this basis that the Jordan court held"a private party acts under color of law where the individual 'acts together with or has obtained significant aid from state officials.'" Id. (quoting Lugar at 937).

Defendants draw the unenlightening distinction that, unlike Jordan's defendants, they did not execute a writ of attachment on plaintiffs. Jordan does not apply solely to the attachment context. But, even if it did, plaintiff says more, suggesting that defendants conspired with the Philadelphia court system to deprive them of due process. A conspiracy of this sort would be akin to the writ of attachment in the Jordan case because it would not only constitute a violation of plaintiff's constitutional rights but also necessarily involve the type of cooperation between State and private actors that exposes private actors to §1983 liability under Lugar.

**NOT FOR PUBLICATION**

Plaintiffs for their part, however, have failed to properly allege conspiracy. To demonstrate an unconstitutional conspiracy a plaintiff must show that two or more conspirators reached an agreement to deprive the plaintiff of a constitutional right. See Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d. Cir. 1993), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003). A claim for conspiratorial liability "must … contain supportive factual allegations." Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). The factual allegations supporting the conspiracy claim may not be generalized or conclusory. See id.; D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079, 113 S. Ct. 1045 (1993); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has provided further guidance in the RICO context by noting that "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989) abrogated on other grounds by Beck v. Prupis, 529 U.S. 494, 505-06, 120 S. Ct. 1608 (2000); see also Smith v. Bacon, 699 F.2d 434, 436-37 (8th Cir. 1983) (plaintiff must allege facts showing a "meeting of the minds"); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) ("It is incumbent on a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights"); Snell v. Tunnell, 920 F.2d 673, 702 (10th Cir. 1990) cert. denied, 499 U.S. 976, 111 S. Ct. 1622 (1991) ("The participants in the conspiracy must share the general conspiratorial objective.... To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was 'a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences.'") (quoting Hoffman-La Roche,

Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1971)). The Third Circuit has clearly stated that this heightened pleading requirement applies to both § 1983 and § 1985(3) conspiracy claims. See Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008) (stating that in order to support a § 1983 or a § 1985(3) claim plaintiff must show a "meeting of the minds") (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 158, 90 S. Ct. 1598 (1970)).

Plaintiff points to five paragraphs of its complaint in support of the conspiracy. Read together, these paragraphs identify three allegations: first, that the "[j]udiciary was beholden to the authority and influence of certain [d]efendants," (Compl. ¶¶ 5; 43.); second, that, presumably as a result of this devotion, "preliminary objections were sustained in the Court of Common Pleas, Philadelphia" dismissing the complaint, (Compl. ¶ 32.); and third, that Great Western was informed by Mr. Tinter "that it was not possible for it to receive a fair hearing in Pennsylvania against ADR Options and Rutter, and that Great Western could never prevail." (Compl. ¶ 34.)

Allegations of conspiracy must be particularized and plaintiff's allegations are anything but. If defendant hangs its conspiracy hat on any hook it is only Tinter's comment that defendant could not hope to get a fair trial. Tinter's comment does not provide factual support for the conspiracy alleged. Even if, as plaintiff suggests in its brief although not in its complaint, there is a conspiracy between Rutter and ADR Options on the one hand and the Philadelphia court system on the other, Tinter's comment does nothing to support such conspiracy because it does not establish a necessary element of a civil conspiracy, an agreement between defendants and the court system.

Although the Court is cognizant that it must draw all reasonable inferences in plaintiff's favor, see Umland, 542 F.3d at 64, it is not reasonable to infer, solely on the basis of Tinter's

comment, that there exists a conspiracy between defendants and the Philadelphia court system. Factual allegations supporting the conspiracy claim may not be generalized or conclusory. See Rose v. Bartle, supra, at 366.

In any event, even if ADR Options were demonstrated to have a symbiotic relationship with the court system via the size of its arbitration practice and even if the Philadelphia courts depend on that service to limit an overwhelming docket, it is not Rutter's or ADR Options's arbitration activities that are the source of plaintiff's alleged constitutional deprivation. It is the decisions of the state courts. While the alleged interdependence of ADR and the courts might tempt a losing party to imagine that an improper relationship exists, plaintiffs must have more than an active imagination to meet the heightened pleading standard for conspiracy. The Court expects that a plaintiff would have a solid factual basis before asserting such significant allegations. By presenting a pleading to the Court, counsel certifies that its factual contentions have evidentiary support. See Fed. R. Civ. Proc. 11(b). Violation of this rule is grounds for sanctions. See Fed. R. Civ. Proc. 11(c). Counsel is reminded that serious allegations should have correspondingly significant factual support before they are asserted in court filings.

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice.

**s/William H. Walls**
United States Senior District Judge

**Appearances**

**NOT FOR PUBLICATION**

Benjamin C. Weiner
19 Countryside Drive
Livingston, NJ 07039
Attorney for Plaintiff

Thomas A. Cunniff
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Building 3
Lawrenceville, NJ 08648-2311
Attorney for Defendants